# McLaughlin Appeal

*G. M. Harvey,* for appellants.

*M. F. Walsh,* for respondent.

KELLEY, J., July 3, 1968.—The matter before the court is several appeals from the decision of the Philadelphia County Board of Elections in upholding or dismissing challenges under the provisions of the Act of August 13, 1963, P. L. 707, sec. 24, 25 PS §3146.8, concerning absentee ballots cast in the primary elections of April 23, 1968. The ballots in question are primarily being contested as they affect the office of Representative in the General Assembly for the 188th Legislative District. This district is coextensive with the Fortieth Ward of the City and County of Philadelphia. Only two of the four candidates for this office have a real interest in the outcome of this appeal, James P. O'Donnell and William A. McLaughlin.

In Appeal of James P. O'Donnell, no. 1240, appellant contends that the Philadelphia County Board of Elections was in error in sustaining the challenges brought by candidate William A. McLaughlin to ten absentee ballots. Appellant, O'Donnell, further claims

that the board committed error in dismissing challenges brought by himself as to three absentee ballots.

In appeals of William A. McLaughlin, Nos. 105 and 1164, appellant contends that the Philadelphia County Board of Elections was in error in dismissing challenges brought by himself as to two absentee ballots.

By agreement all three appeals were heard and argued together. None of these appeals involves ballots on voting machines. The ballots at issue herein are all absentee ballots which were challenged at the official canvass by the watchers for either candidate O'Donnell or candidate McLaughlin.

APPEAL OF JAMES P. O'DONNELL, NO. 1240

In the case of the ballot of Carmella Cappacchione two challenges brought by candidate McLaughlin were sustained by the board. This ballot was challenged on the basis that the application for an absentee ballot by reason of illness submitted by the voter did not contain the signature of the attending physician, as required by the Act of August 13, 1963, P. L. 707, sec. 20, 25 PS §3146.2(2), where there was evidence that the voter was being regularly treated by a physician. The decision of the board was based on ample evidence. The court, therefore, denies the appeal and affirms the challenge of this vote sustained by the board.

As the court has already affirmed the action of the board on the ground discussed above, it is unnecessary to consider whether the board was correct in sustaining a challenge to the same ballot brought on the basis that the voter received assistance in folding her ballot and failed to submit an assistance card required by Act of August 13, 1963, P. L. 707, sec. 23, 25 PS §3146.6(a).

In the case of the ballot of Alice F. Famous, a challenge brought by candidate McLaughlin was sustained by the board. The challenge alleged that the signature on the voter's declaration on the outside of the enve-

lope containing her sealed ballot differed in such material aspects from her signature appearing on both the original and duplicate of the elector's permanent registration affidavit that the signature on the declaration was by any reasonable comparison a forgery. The board was fully justified in comparing her signatures under the authority of the Act of August 13, 1963, P. L. 707, sec. 24, 25 PS §3146.8(e).

The court after comparing the signatures finds the actions of the board justified in both law and fact, and denies the appeal and affirms the challenge of this vote sustained by the board.

In the case of the ballot of Kathrine Lux, a challenge was brought by candidate McLaughlin on the basis that the voter received assistance in marking her ballot and failed to submit an assistance card as required by the Act of August 13, 1963, P. L. 707, sec. 23, 25 PS §3146.6(a). The board sustained this challenge on the basis of ample evidence. The court denies the appeal and affirms the challenge of this vote sustained by the board.

In the case of the ballot of Helen Christiansen, a challenge was brought by candidate McLaughlin on the basis that the elector failed to comply with the requirement of the Act of August 13, 1963, P. L. 707, sec. 22, 25 PS §3146.6(a), that the ballot be placed and sealed in an envelope marked "Official Absentee Ballot" and then enclosed in a second envelope containing on its exterior the declaration of the elector. It was alleged that the ballot was placed directly in the declaration envelope and was never enclosed in the required first envelope. The board sustained this challenge on the basis that the statutory requirement of secrecy of the ballot had been violated. Appellant contends that this was a mere technical departure from the strict requirements of the statute. With this contention the court cannot agree. The statutory man-

date is supported by the strong policy of maintaining the secrecy of the ballot and therefore the court denies the appeal and affirms the challenge of this ballot sustained by the board.

In the case of the ballot of Rose Cuozzo, a challenge was brought by candidate McLaughlin on the basis that the voter received assistance from her son in marking her ballot and failed to submit an assistance card as required by the Act of August 13, 1963, P. L. 707, sec. 23, 25 PS §3146.6(a). The board sustained this challenge on the basis of overwhelming evidence supporting this allegation of illegal assistance. The court denies the appeal and affirms the challenge of this vote sustained by the board.

In the case of the ballot of Francesco Savastano, a challenge was brought by candidate McLaughlin on the basis that the elector failed to have the assistance card which was returned with his ballot acknowledged before an officer qualified to take acknowledgments of deeds. It was alleged that this was a requirement of the Act of August 13, 1963, P. L. 707, sec. 23, 25 PS §3146.6(a). The board sustained this challenge. Appellant contends that although an acknowledgment is required by the above statute as to the application of a person needing assistance with his absentee ballot, no such acknowledgment is required by the statute as to the assistance card filed with the actual ballot. A careful reading of the above statute supports this position and the court concludes that an assistance card need not be acknowledged in order to be valid. Therefore, the court allows the appeal and reverses the challenge of this ballot sustained by the board.

In the case of the ballot of Elizabeth M. Gallagher, a challenge was brought by candidate McLaughlin contending that the elector completed an application for an absentee ballot but failed to comply with the requirement of the Act of August 13, 1963, P. L. 707,

sec. 20, 25 PS §3146.2. The board sustained the challenge on the basis of evidence that the voter was unable to attend her polling place because of illness, but had given unavoidable absence from the country as a reason for wanting an absentee ballot, thus avoiding the troublesome requirements of subsection (2) of the above-named statute which requires that the elector state the nature of her illness and have the declaration signed by the attending physician if there is one, or, if none, by a registered elector. The evidence supporting this conclusion of the board is ample. The court denies the appeal and affirms the challenge of this vote sustained by the board.

In the case of the ballot of Minnie Smith, a challenge was brought by candidate McLaughlin on the same grounds as that used to challenge the ballot of Elizabeth M. Gallagher above. The board, likewise, sustained the challenge on the basis of ample evidence supplied by the challenger. There being sufficient evidence to support the conclusion of the board, the court denies the appeal and affirms the challenge of this vote sustained by the board.

In the case of the ballot of Catherine Voehringer, a challenge was brought by candidate McLaughlin contending that the application for an absentee ballot for the reason of illness submitted by the voter did not contain the signature of the attending physician as required by the Act of August 13, 1963, P. L. 707, sec. 20, 25 PS §3146.2 (2). The board sustained the challenge upon sufficient evidence showing that the elector was being regularly treated by a physician and thus the physician's signature was required by the above statute. The court denies the appeal and affirms the challenge of this vote sustained by the board.

In the case of the "Unknown Ballot" challenged by candidate McLaughlin, it was alleged that part of the ballot was marked in pencil and part in pen and thus

it violated the Act of August 13, 1963, P. L. 707, sec. 19, 25 PS §3063(a). The board sustained the challenge. The contention was based on the premise that this amendment of the General Election Code applies to absentee ballots. With this conclusion the court disagrees. The legislature amended on August 13, 1963, the provisions of the election code applicable to paper ballots cast at regular polling places and provided that all markings on the ballot should be by the same pen or pencil. However, on the same date the legislature also provided in P. L. 707, sec. 22, 25 PS §3146.-6(a), what specific requirements apply to the completion of absentee ballots. Many of the same provisions are included in both sections cited. But, section 3146.6 does not require that the ballot shall be marked by the same pen or pencil. If the legislature intended section 3063(a) to apply to absentee ballots then much of section 3146.6 would be redundant and unnecessary. It is a basic principle of statutory construction that a statute should not be interpreted so as to provide for a useless act. Likewise, a court should not adopt a construction that creates an unnecessary redundancy within the same legislation. There are sound reasons why the legislature might not require an absentee ballot to be completed with the same pen or pencil. If an elector voting at a regular polling place ran out of ink or broke the point of his pencil, he could call for the assistance of the election officers and easily rectify the problem. But an individual voting by absentee ballot would have no such assistance available and might have to finish completing his ballot with another writing instrument. Additionally, there is no requirement that an absentee voter complete his ballot on a single occasion. Such an elector might complete part of the ballot and then set it aside to be completed after more deliberation and with whatever writing instrument then available.

In the absence of any evidence of fraud in connection with this ballot this court concludes that the vote of this "Unknown Ballot" should be counted. Therefore, the court allows the appeal and reverses the challenge to this ballot sustained by the board.

In the case of the ballot of Louis Ambrosini, a challenge was brought by candidate O'Donnell alleging that the elector's declaration on the outer envelope enclosing his sealed ballot was signed by the voter's mark and thus indicated that the elector had received illegal assistance in completing his ballot without complying with the Act of June 3, 1937, P. L. 1333, art. XIII, sec. 1306.1, added to by the Act of August 13, 1963, P.L. 707, sec. 23, 25 PS §3146.6(a). The board denied the challenge, finding from the evidence before them that the elector was literate and capable of completing his own ballot, and the fact that his handwriting may have deteriorated with the voter's advanced age necessitating the use of a mark as a signature did not void his ballot *per se*. The court finds that the elector's mark is a sufficient signature to comply with the requirements of the Act of August 13, 1963, P. L. 707, sec. 22, 25 PS §3146.6. As there is no additional evidence to show that the elector was unable to see or mark his ballot without assistance and no evidence whatsoever of fraud, this court denies the appeal and affirms the denial of this challenge by the board.

In the case of the ballot of Bessie J. Bell, a challenge was brought by candidate O'Donnell alleging that the name of a physician had been inserted in the application for an absentee ballot by reason of illness and then this name had been erased. It is contended that this is sufficient to prove that the elector had an attending physician and thus the elector in failing to have the attending physician sign the application did not comply with the requirements of the Act of August 13, 1963, P. L. 707, sec. 20, 25 PS §3146.2(2).

The board denied this challenge. There is nothing in the statutory framework governing absentee ballots that prevents an elector from erasing on her application or requires the elector to complete the application without assistance. There being a large number of explanations why an elector might erase something mistakenly put on an application, in the absence of any additional evidence supporting this challenge, this court denies the appeal and affirms the denial of this challenge by the board.

In the case of the ballot of Marie T. Bissett, a challenge was brought by candidate O'Donnell on the same grounds advocated as a challenge to the ballot of Bessie J. Bell above. The board, likewise, denied the challenge as there was no additional evidence other than the fact that a name had been erased from the application for an absentee ballot. The court, therefore, as in the above case, denies the appeal and affirms the denial of this challenge by the board.

APPEAL OF WILLIAM A. MCLAUGHLIN, No. 1164

In the case of the ballot of Evelyn E. Parker, a challenge was brought by candidate McLaughlin alleging that the registration affidavit bore the notation that the elector needed assistance and therefore the failure to include an assistance card was a violation of the Act of June 3, 1937, P. L. 1333, art. XIII, sec. 1306.1, added to by the Act of August 13, 1963, P. L. 707, sec. 23, 25 PS §3146.6(a). The board denied this challenge. There was evidence indicating that this elector had the use of her hands on some days when the pain from her disability was not too intense. Under these circumstances, the court denies the appeal and affirms the board's denial of this challenge.

APPEAL OF WILLIAM A. MCLAUGHLIN, No. 105

In the case of this "Unknown Ballot" challenged by candidate McLaughlin, it was contended that this ballot had either been erased or marked twice. The

board denied this challenge. The issues here are similar to those dismissed in connection with the other "Unknown Ballot" challenged by candidate McLaughlin. The Act of August 13, 1963, P. L. 707, sec. 22, 25 PS §3146.6, setting forth in what manner an absentee ballot is to be completed does not prohibit erasing on such a ballot. This court is of the opinion that the Act of June 3, 1937, P. L. 1333, art. XII, sec. 1223; Act of June 19, 1939, P. L. 450, sec. 2; Act of Jan. 8, 1960, P. L. 2142, sec. 4, as amended by the Act of August 13, 1963, P. L. 707, sec. 19, 25 PS §3063(a), is not applicable to absentee ballots for the reasons set forth in connection with the other "Unknown Ballot" appeal. Therefore, as there is no evidence of fraud in connection with this ballot the court denies the appeal and affirms the board's denial of this challenge.

Of the 15 challenged absentee ballots here on appeal, this court has affirmed the actions of the Philadelphia County Board of Elections as to all but two of these ballots. In the case of the "Unknown Ballot" being appealed by candidate O'Donnell and in the case of the ballot of Francesco Savastano, also being appealed by Candidate O'Donnell, the court allows the appeals and reverses the board's action in sustaining challenges brought by candidate McLaughlin.

Accordingly, after due and careful consideration, we make the following

ORDER

And now, July 3, 1968, the appeal of James P. O'Donnell, no. 1240, in the case of the "Unknown Ballot" and in the case of the ballot of Francesco Savastano, is granted, and the decision of the Philadelphia County Board of Elections in upholding the challenges made to the above two ballots only, is reversed. As to all other ballots, the appeal is denied. The appeals of William A. McLaughlin, no. 1164 and no. 105, are denied.